**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**TERRENCE TYLER**                                                                                    **PLAINTIFF**

**V.**                             **CASE NO. 3:19-CV-00115-JTK**

**ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION**[1]                                     **DEFENDANT**

**ORDER**

**I.   Introduction:**

Plaintiff, Terrence Tyler ("Tyler"), applied for disability benefits on December 15, 2016, alleging a disability onset date of November 22, 2012.[2] (Tr. at 15). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Tyler's application. (Tr. at 26). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Tyler has requested judicial review.

For the reasons stated below, the Court[3] affirms the decision of the Commissioner.

**II.   The Commissioner's Decision:**

The ALJ found that Tyler had not engaged in substantial gainful activity since the amended alleged onset date of April 14, 2015. (Tr. at 18). The ALJ found, at Step Two of the sequential five-step analysis, that Tyler had the following severe impairments: ischemic heart disease, diabetes mellitus, peripheral neuropathy, asthma, and morbid obesity. *Id*.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] Tyler amended his onset date to April 14, 2015. (Tr. at 15).

[3] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

At Step Three, the ALJ determined that Tyler's impairments did not meet or equal a listed impairment. (Tr. at 19). Before proceeding to Step Four, the ALJ determined that Tyler had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations. (Tr. at 20). He could only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; he could never climb ladders; he should avoid hazards such as unprotected heights and moving mechanical parts; he should avoid commercial driving, lower extremity vibration, extreme heat and cold, humidity, and pulmonary irritants; and he should be allowed to use a cane as necessary. *Id.*

The ALJ found that Tyler was unable to perform any past relevant work. (Tr. at 25). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Tyler's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. *Id*. Therefore, the ALJ found that Tyler was not disabled. (Tr. at 26).

### III. Discussion:

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence

exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B. Tyler's Arguments on Appeal

Tyler contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the RFC did not fully incorporate his limitations, that the ALJ should have given more weight to the treating physicians' opinions, that the ALJ should have further developed the record, and that the ALJ's Step Five determination was unsupported. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Tyler had COPD and chest pain which required a few ER visits. In spite of heart conditions, in January 2016, Tyler said he was "doing okay." (Tr. at 707). He admitted himself to the hospital in November 2016 and requested an inpatient stay. (Tr. at 824-828). However, at that time, x-ray of the chest was normal, EKG showed no ischemic changes, respiratory exam showed good air exchange, and cardiac exam was normal. *Id*. A lack of clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). The doctor found that his conditions were secondary to COPD and obesity. *Id.* He was released in good condition. *Id*.

At a hospital visit in May 2017, Tyler's ejection fraction was 50-55% and cardiac exam was normal.[4] (Tr. at 942-946). His doctor, and other doctors, educated him on his high-risk factors causing his problems. *Id.* He was urged to stop smoking and lose weight. *Id*. Doctors told him to increase activity. In January 2018, his conservative treatment plan included continuing to

---

[4] Normal ejection fraction is 55-70%. https://my.clevelandclinic.org/health/articles/16950-ejection-fraction

"optimize management of coronary artery disease risk factors." (Tr. at 1080). Tyler was still obese at the time of the hearing, and he said he had only stopped smoking four months earlier (he still smoked marijuana). (Tr. at 46-49). A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

    As far as asthma, in August 2017, he was doing well with his respiratory goals, and was continued on medication. (Tr. at 1136). As far as foot pain from diabetic neuropathy, at multiple visits Tyler had a normal gait with no need for an assistive device. (Tr. at 932, 952, 1023, 1079, 1095, 1155). His doctor recommended therapeutic shoes and continued medication management. (Tr. at 921). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Medication was effective. Tyler admitted in 2017 that he could prepare meals, help raise his son, do laundry, shop in stores, drive, and go outside daily. (Tr. at 400-408). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

    This record shows conservative treatment with some longer gaps in treatment. Objective testing showed mild to moderate findings. No surgery was required or recommended. (Tr. at 964). Tyler could perform activities of daily living. He did not follow his doctors' advice. Thus, given the benign evidence, the ALJ was correct to discount the two treating doctors' opinions that Tyler could not perform even sedentary work.[5] (Tr. at 24, 962-968). Both opinions were short and conclusory, with no reference to clinical or objective evidence. *Id*. Dr. Cullom admitted that his opinion only covered the time-period from November 26, 2017 forward, which is toward the end

---

[5] The doctors' opinions were from Dr. Michael A. Haughey, DPM, and Dr. Sumner Cullom, M.D.

of the relevant time-period in this case. (Tr. at 968). Moreover, the ALJ weighed those opinions against the state-agency doctors' opinions that Tyler could perform light work. (Tr. at 24). The ALJ credited Tyler's complaints and symptoms and limited him further to sedentary work with postural limitations. (Tr. at 20). The ALJ properly considered the medical opinions and based his RFC on the evidence in the record as a whole.

For the same reasons, the ALJ was not required to further develop the record by ordering a consultative examination. Clinical exams revealed normal conditions. X-rays and EKG were normal. Tyler did not require surgery. The treating physician's opinions were conclusory and inconsistent with the objective medical record, so there was no evident conflict in the medical evidence. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Moreover, Tyler's attorney did not submit any additional evidence with his request for review by the Appeal Council, nor suggest that the record was incomplete or ask for a consultative evaluation. (Tr. at 36-53, 354-355). It is the claimant's burden to present the strongest case possible. *Thomas v. Sullivan*, 982 F.2d 255, 260 (8th Cir. 1991). The evidence as a whole supported the ALJ's decision and further development was unnecessary.

Finally, Tyler argues that there was a conflict between he VE testimony and the DOT. He claims that the ALJ did not explain what she meant by the RFC requirement that he use a cane where necessary. The ALJ did, in fact, detail that he should use it "as necessary, not all the time, when needed to ambulate to the workstation." (Tr. at 51-52). This description does not conflict with the jobs identified by the VE. *Id*. Further, while Tyler argues that using a cane is incompatible with jobs that require reaching, the case Tyler's attorney cites for this proposition does not directly

5

say a cane, specifically, is incompatible. *See Simpson v. Colvin*, 3:15-CV-00257-JTR (E.D. Ark. June 22, 2016). Moreover, no doctor prescribed a cane for ambulation, and Tyler was able to do a variety of physical activities Furthermore, one of the jobs identified by the VE requires no reaching, so the VE's testimony was sufficient. (Tr. at 26). For this reason, this argument lacks merit.

**IV.    Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The assigned RFC properly incorporated all of Tyler's credible limitations, the ALJ properly weighed the medical opinions, and there was no error at Step Five. The finding that Tyler was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is DISMISSED, with prejudice.

IT IS SO ORDERED this 19th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE